UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

GREGORY S. MACK,

    Debtor.
_____/

Case No. 6:06-bk-00182-ABB
Chapter 7

ALLSTATE INSURANCE
COMPANY, *et al.*,

    Plaintiffs,

v.

GREGORY S. MACK,

    Defendant.
_____/

Adv. Pro. No. 6:06-ap-00106-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint to Determine Dischargeability of a Debt (Doc. No. 1), the Request for Judicial Notice of Related Pleadings (Doc. No. 26), and the Motion for Summary Judgment (Doc. No. 31) filed by Allstate Insurance Company, Liberty Mutual Insurance Company, Liberty Insurance Corporation, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, LM Insurance Corporation, Indiana Insurance Company, and Employees Insurance Company of Wausau, the Plaintiffs herein (collectively, "Plaintiffs"), in which the Plaintiffs seek to have debts arising from a default judgment entered against Gregory S. Mack, the Debtor and Defendant herein, deemed non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6).

An evidentiary hearing was held on July 21, 2008 at which counsel for the Plaintiffs and counsel for Gene T. Chambers, the Chapter 7 Trustee of the Debtor's bankruptcy case, appeared. The Motion for Summary Judgment is unopposed.[1] The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

### *Kentucky Litigation*

The Plaintiffs and other insurance companies, including Grange Indemnity Insurance Company, instituted civil actions against the Debtor and eleven additional defendants, some of which are affiliated entities of the Debtor (the "Kentucky Litigation"), in the United States District Court for the Eastern District of Kentucky ("Kentucky District Court").[2] The lawsuits were consolidated as Grange Mutual Casualty Company, et al. v. Mack, et al., No. 3:02-cv-110-JMH.[3] The Plaintiffs' request this Court take judicial notice of the Kentucky Litigation dockets and pleadings is due to be granted.

The insurance companies asserted the Debtor, who owned and operated health clinics in Kentucky, created and implemented fraudulent schemes to bill the insurance companies for medical treatments and equipment relating to automobile insurance and workers' compensation insurance claims. They sought to recover damages pursuant to

---

[1] The Debtor did not appear at the hearing and his counsel informed the Court the Debtor does not oppose the Motion for Summary Judgment. His counsel stated the Debtor's Motion for Enlargement of Time (Doc. No. 37) seeking additional time to respond to the Motion for Summary Judgment should have been withdrawn.

[2] The Debtor and his affiliated entities are referred to as the "IRC defendants" in the Kentucky Litigation. "IRC" derives from the Debtor's entity named "Injury & Rehab Centers of Kentucky, PLLC."

[3] Plaintiffs' Exh. No. 5.

2

the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. Section 1961 *et seq.* ("RICO"), and state law statutes.

The Plaintiffs' multi-count Complaint for Damages alleged, among other things:

(i) The forms submitted by the defendants "were false and misleading."

(ii) The defendants knew the medical forms submitted "were false and misleading, and knowingly made or caused or conspired with the referring doctors to make these representations . . . ."

(iii) "Plaintiffs reasonably relied upon the representations" in the submissions.

(iv) The defendants "acted with the intent that the Plaintiffs would so rely and pay the bills."

(v) The Debtor and others acted "with the purpose of wrongfully and fraudulently inducing Plaintiffs to pay monies not due . . . ."

(vi) "Plaintiffs thereby paid numerous bills . . . amounting to substantial sums of money."

(vii) The defendants' "actions were a fraudulent attempt to double-bill Plaintiffs for the same MRIs."

(viii) The Debtor, in conspiracy with others, "conducted fraudulent schemes involving alleged medical treatment to induce the Plaintiffs to pay money to various Defendants."[4]

### *Sanctions and Final Judgment*

The Debtor and his entities obstructed discovery and flaunted court orders in the Kentucky Litigation and were sanctioned for their actions. The Kentucky District Court entered a Memorandum Opinion and Order on October 21, 2005 granting the Plaintiffs' motion to compel discovery and imposing sanctions against the Debtor and his entities.[5] The October 21, 2005 Order details the Plaintiffs' many attempts to obtain discovery and the defendants' repeated failings to produce, cooperate, and abide by Court orders:

---

[4] Plaintiffs' Exh. No. 2.
[5] Plaintiffs' Exh. No. 13.

3

> [The Defendants'] failure to cooperate in discovery has been so thorough and consistent that the Court can only conclude that it has been done willfully and deliberately. . . Computers have disappeared and IRC corporate files have not been produced (and in some cases were not even disclosed until more than two years after the commencement of the case) . . . the Court clearly and explicitly warned the IRC defendants that failure to cooperate in discovery would lead to their answer being stricken in November of 2004 . . . The IRC defendants have shown repeatedly that they feel no obligation to follow the Court's orders . . . .[6]

The Kentucky District Court struck the defendants' answer and entered a default against them explaining:

> [I]t is the only sanction that is adequate in light of the willful, prejudicial, and repeated obstruction by the IRC defendants and their repeated disregard of the Court's orders. The IRC defendants have acted throughout in bad faith, and there is no alternative remedy that will compensate for the prejudice suffered by Plaintiffs.[7]

The Kentucky District Court, as a further sanction, enjoined the Debtor and his affiliated entities from disposing of any assets pending final resolution of the case.

The District Court denied the Debtor's motion for reconsideration of the October 21, 2005 Order. The October 21, 2005 Order was not appealed. The Court directed discovery continue, specifically for turnover of the defendants' computers to the Plaintiffs, to "ascertain the proper measure of damages" and ordered the computers be produced by January 26, 2006.[8]

### *Bankruptcy Proceedings*

The Debtor filed this Chapter 7 case on February 8, 2006 ("Petition Date"), which stayed the Kentucky Litigation as to the Debtor. The Plaintiffs were granted relief from the automatic stay to litigate the Kentucky Litigation to judgment and liquidate their claims to sums certain.

---

[6] Id. at pp. 14, 15, 17.
[7] Id. at p. 18; Plaintiffs' Exh. No. 14 (Default).
[8] Plaintiff's Exh. No. 18.

4

The Kentucky District Court, based upon the defendants' "severe and continuous obstruction of discovery" and violations of court orders, entered an Order and Judgment on February 14, 2007 granting the Plaintiffs' Motion for Entry of Final Judgment and awarding: (i) judgment in favor of the Plaintiffs and against the defendants, jointly and severally, as to each count of the complaint; (ii) judgment of $4,637,564.10 in favor of Allstate and against the defendants, jointly and severally; (iii) judgment of $775,836.63 in favor of Liberty and its affiliates and against the defendants, jointly and severally; and (iv) the Plaintiffs their costs.[9]

The Debtor appealed the February 14, 2007 Order.[10] The United States Court of Appeals for the Sixth Circuit affirmed the Order by written opinion entered on March 17, 2008 holding: "We affirm, both to punish Mack for his egregious conduct and to deter other litigants who might be tempted to make a mockery of the discovery process."[11]

### *Nondischargeability and Summary Judgment Elements*

The Plaintiffs request the judgment debt ("Judgment Debt") arising from the February 14, 2007 Order be deemed nondischargeable pursuant to Sections 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code.

A plaintiff asserting nondischargeability of a debt pursuant to Section 523(a)(2)(A) of the Bankruptcy Code must establish by a preponderance of the evidence: (i) the debtor made a false representation to deceive the plaintiff; (ii) the plaintiff relied on the misrepresentation; (iii) the reliance was justified; and (iv) the plaintiff sustained a loss as a result of the misrepresentation. Justifiable reliance is a less stringent standard than the former standard of reasonable reliance.

---

[9] Plaintiffs' Exh. No. 31.
[10] Plaintiffs' Exh. No. 32.
[11] Plaintiffs' Exh. No. 33.

A plaintiff asserting nondischargeability pursuant to Section 523(a)(6) must establish by a preponderance of the evidence the debtor caused willful and malicious injury to the plaintiff or to the plaintiff's property. Such injury must be the result of a deliberate and intentional act; the debtor intended the consequences of his or her act.

The Plaintiffs pled each of the nondischargeability elements of Sections 523(a)(2)(A) and 523(a)(6) in their Kentucky Litigation complaint. The Debtor, by virtue of his default, admitted each of the allegations of the Plaintiffs' complaint. The February 14, 2007 default judgment in the Kentucky Litigation conclusively established the nondischargeability elements of Sections 523(a)(2)(A) and 523(a)(6).

The Debtor is estopped from relitigating the nondischargeability issues. The issues in the Kentucky Litigation and this adversary proceeding are identical. The Plaintiffs' adversary proceeding Complaint is virtually identical regarding the RICO and fraud-based claims to the Complaint for Damages filed in the Kentucky Litigation. All claims arose out of the same facts, involving the same parties, and the same set of circumstances.

Such issues were actually litigated in the Kentucky Litigation. The Debtor actively participated in the Kentucky Litigation. He engaged in dilatory and deliberately obstructive conduct. He had numerous opportunities to defend himself on the merits, but chose not to do so.

The determination of the RICO and fraud-based issues in the Kentucky Litigation was a critical and necessary part of the February 14, 2007 Order. The Kentucky District Court awarded the Plaintiffs judgment on *all* counts of their complaint. The standard of proof in the Kentucky Litigation was at least as stringent as the standard of proof in this

adversary proceeding. The standard of proof for a RICO action is the preponderance of the evidence standard, which is the same standard applicable to a Section 523 nondischargeability action.

The Plaintiffs have established there are no genuine issues as to material facts and they are entitled to judgment as a matter of law.

## CONCLUSIONS OF LAW

The Plaintiffs seek summary judgment on their Complaint asserting the default judgment conclusively established the nondischargeability elements of 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6) and the Debtor is estopped from challenging the nondischargeability of the Judgment Debt. Their Motion for Summary Judgment is unopposed.

The Plaintiffs' Request for Judicial Notice of Related Pleadings in which they request the Court take judicial notice of the Kentucky Litigation dockets and pleadings is due to be granted pursuant to Federal Rule of Evidence 201(b).

### *11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6)*

The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); Fed. R. Bankr. P. 4005 (2006).

Section 523(a)(2)(A) of the Bankruptcy Code provides a discharge pursuant to Section 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A) (2006).

7

A plaintiff must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action: (i) the debtor made a false representation to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified[12]; and (iv) the creditor sustained a loss as a result of the misrepresentation. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998). The objecting party must establish each of the four elements of fraud by a preponderance of the evidence. Grogan, 498 U.S. at 291; In re Wiggins, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000).

Section 523(a)(6) provides any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. 11 U.S.C. § 523(a)(6). The United States Supreme Court ruled in Kawaauhau v. Geiger, 523 U.S. 57 (1998) that to establish the requisite willful and malicious intent of Section 523(a)(6), a plaintiff must establish by a preponderance of the evidence the injury was intentional—that the debtor intended the consequences of his or her act. The Supreme Court explained, because "willful" modifies "injury" in Section 523(a)(6), nondischargeability requires conduct that inflicts an injury intentionally and deliberately, "not merely . . . a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 523 U.S. at 61-2.

### *Collateral Estoppel Doctrine and Federal Rule of Civil Procedure 56*

All elements required to for the nondischargeability of the Judgment Debt pursuant to Sections 523(a)(2)(A) and 523(a)(6) must have been established in the Kentucky Litigation for collateral estoppel to apply. Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush), 62 F.3d 1319, 1322 (11th Cir. 1995).

---

[12] The Supreme Court held in Field v. Mans, 516 U.S. 59, 73-5 (1995) that Section 523(a)(2)(A) requires justifiable reliance rather than the former higher standard of reasonable reliance: "[W]e hold that § 523(a)(2)(A) requires justifiable, but not reasonable, reliance."

8

Collateral estoppel precludes relitigation of issues actually or fully litigated in prior judicial proceedings where each party had a full and fair opportunity to litigate the issues decided. St. Laurent, II v. Ambrose (In re St. Laurent), 991 F.2d 672, 675 (11th Cir. 1993). Collateral estoppel principles apply to dischargeability proceedings. Grogan, 498 U.S. at 285 n. 11.

Four elements must be present for collateral estoppel to apply in a dischargeability proceeding: (i) the issue in the prior action and the issue in the bankruptcy action are identical; (ii) the bankruptcy issue was actually litigated in the prior action; (iii) the determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation; and (iv) the burden of proof in the dischargeability proceeding must not be significantly heavier than the burden of proof in the initial action. Bush, 62 F.3d at 1322.

Default judgments, while not typically entitled to preclusive effect in subsequent dischargeability actions based on fraud, are entitled to preclusive effect where the defendant debtor engaged in dilatory and deliberately obstructive conduct in the original litigation. Id. at 1324. "Such abuse of the judicial process must not be rewarded by a blind application of the general rule denying collateral estoppel effect to a default judgment." Id.

The Plaintiffs seek summary judgment on their Complaint. Granting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

9

Fed. R. Civ. P. 56(c) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

### *Nondischargeability Elements Established*

The Plaintiffs pled in the Kentucky Litigation complaint each requisite element of nondischargeability of a debt pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6). The Debtor, pursuant to his default in the Kentucky Litigation, admitted each of the allegations of the complaint. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1205-06 (5th Cir. 1975). The February 14, 2007 default judgment conclusively established the nondischargeability elements of Sections 523(a)(2)(A) and 523(a)(6).

The issues in the Kentucky Litigation and this adversary proceeding are identical. Such issues were actually litigated in the Kentucky Litigation. The nondischargeability elements were effectively raised in the Kentucky Litigation through the Plaintiffs' complaint and the Debtor had "a fair opportunity procedurally, substantively and evidentially" to contest the allegations. Bush , 62 F.3d at 1323.

The determination of the RICO and fraud-based issues in the Kentucky Litigation was a critical and necessary part of the February 14, 2007 Order, which awarded judgment to the Plaintiffs on all counts of their complaint.

The standard of proof for fraud claims in civil RICO proceedings is the preponderance of the evidence standard. South Atlantic Ltd. P'ship of Tenn., L.P. v. Riese, 284 F.3d 518, 530 (4th Cir. 2002). The standard of proof in the Kentucky litigation was at least as stringent as the standard of proof in this adversary proceeding. Bush, 62 F.3d at 1323 n. 4.

The February 14, 2007 Order is entitled to preclusive effect. The doctrine of collateral estoppel prevents further litigation of the issues resolved by such Order in the Kentucky Litigation. Id. at 1325.

The Debtor has admitted the Judgment Debt is non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6). The Plaintiffs have established there are no material facts in dispute and they are entitled to judgment as a matter of law. The Judgment Debt owed by the Debtor to the Plaintiffs is nondischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6).

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Plaintiffs' Request for Judicial Notice of Related Pleadings (Doc. No. 26) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the Plaintiffs' Motion for Summary Judgment (Doc. No. 31) is hereby **GRANTED**.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 6th day of August, 2008.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge